PER CURIAM.
The former husband appeals a non-final order denying his motion to dismiss the former wife’s petition for dissolution of marriage; he alleges that personal service of process in Georgia did not meet the requirements of Florida’s long-arm statute. § 48.193, Fla.Stat. (1985). We affirm.
By first seeking the affirmative relief of abatement, the husband submitted himself to the jurisdiction of the court and was subject to all proceedings incident to the dissolution of the marriage. McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976); see Zimmerman v. Weinberg, 557 So.2d 193 (Fla. 4th DCA 1990); Martin v. Ullman, 555 So.2d 1232 (Fla. 3d DCA 1989); Hatton v. Barnett Bank of Palm Beach County, 550 So.2d 65 (Fla. 2d DCA 1989). The trial court could have resolved the associated issues, but committed no error in exercising jurisdiction over the agreed matters. Shammay v. Shammay, 491 So.2d 284 (Fla. 3d DCA 1986) (on motion for clarification); Arnstein v. Arnstein, 422 So.2d 1052 (Fla. 4th DCA 1982).
Affirmed.