COBB, Judge.
The issue in this case is the jurisdiction of the Circuit Court of Volusia County over the appellant, Tizianna Ferrari.
Ferrari and Mark Rubin were married and resided together in Italy until they obtained an Order of Consensual Separation in that country. That order provided for custody of their minor son, Jonathan, to be with Ferrari with visitation to Rubin. Rubin moved to the United States to reside in Volusia County.
Ferrari sent Jonathan from Italy to Volu-sia County in the summer of 1989 for the agreed upon two month visitation with Rubin. At the end of that period, Rubin refused to return the child, and enrolled him in school in Volusia County.
In September of 1989, Rubin filed a petition in Volusia County seeking dissolution of marriage and custody of Jonathan. Neither personal service nor constructive service of process was effected upon Ferrari. The following month, in October, Ferrari filed a petition for writ of habeas corpus in Volusia County seeking return of Jonathan to her custody. In November, 1989, the trial judge in Rubin’s case sua sponte consolidated the two eases without Ferrari’s consent and announced that her petition for habeas corpus would “stand over” as her *612 answer to Rubin’s petition. Ultimately, the trial court (in the form of a successor judge after disqualification of the original judge) entered a final judgment granting Rubin in personam relief against Ferrari, which included an award to him of certain personal property in her possession in Italy. This appeal ensued.
We agree completely with the concise argument presented in the appellant’s brief:
The trial court’s award of personal property in the possession of FERRARI in Italy was clearly contrary to established law and particularly the holding and rationale of the court in Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980). In the case at bar, RUBIN perfected neither personal service nor substituted service on FERRARI. In Gel-kop, the petitioner did perfect substituted service. However, the court held that such service “could not confer in rem jurisdiction on the trial court to enter any of the above real and personal property provisions of the final judgment because the apartment and necklace were located in Israel and thus were outside the territorial jurisdiction of the court. Gelkop at page 200. Obviously if constructive service would be insufficient to support the judgment in Gelkop and in the case at bar, then certainly the trial court lacked authority to enter judgment when there was no service.
There was no legal basis for the determination by the trial court that FER-RARES Petition for Writ of Habeas Corpus should be treated as an answer to RUBIN’S Petition for Dissolution of Marriage. FERRARES Petition sought nothing more than the return of her son who was being wrongfully detained by RUBIN. It had nothing whatsoever to do with the property issue upon which the trial court rendered judgment.
* * * # * *
At the time Jonathan’s Summer visitation was over and he was to be returned to his mother in Italy, he was eleven years old. When his Father, having lost his bid to legitimately gain custody in the Italian Court, refused to return Jonathan to his Mother in Italy, it was the functional equivalent of kidnapping the child. For Rubin to now suggest that, by seeking aid from the American court to obtain the return of her son, Ferrari consented to personal jurisdiction over her to, among other things, divide personal belongings in Italy between herself and Rubin, is nonsensical.
The fact that Ferrari hired an attorney to represent her in the habeas corpus action in no way authorizes that attorney to appear for her, or bind her in any way, in a separate action wherein that attorney was never hired and she was never served.
Rubin also claimed that Ferrari’s April 29, 1992 motion for child support was a request for affirmative relief and, thus, waived any jurisdictional defects. The record before us shows that the motion was filed under the case number for the petition for writ of habeas corpus action and could not, therefore, waive the jurisdictional defect in the dissolution action. Even assuming this motion had been filed in Rubin’s dissolution action, we would agree with the Third and Fourth District Courts and cite conflict with the reasoning of Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981), rev. denied, 417 So.2d 329 (Fla.1982). See Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990) (expressly citing conflict with Hubbard); Logan v. Mora, 555 So.2d 1267 (Fla. 3d DCA 1989); Scarso v. Scarso, 488 So.2d 549, 550 (Fla. 4th DCA 1986) (once asserted, objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought). Compare, Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985).
The trial court never obtained personal jurisdiction (nor, for that matter, any type of jurisdiction) in this case and its judgment is void. We quash the judgment entered below.
JUDGMENT QUASHED.
GOSHORN, C.J., and HARRIS, J., concur.