GREEN, Judge.
The former husband, James Marvin What-more appeals the denial of his motion to dismiss for lack of in personam jurisdiction pursuant to section 48.193(l)(e), Fla.Stat. (1993), of Florida’s “long arm” statute. The trial court determined that although the complaint did not contain jurisdictional allegations within the scope and meaning of section JS.WSClXe),[1] the former husband had nevertheless waived his jurisdictional challenge when he filed his motion for relief from judgments. We disagree and reverse.
A final dissolution judgment of the marriage between Whatmore and his former wife, Mary Areca Babcock was entered on October 20, 1977 in Dade County, Florida. *83 At that time, a monetary judgment in the amount of $160,556.43 was also entered against the former husband and in favor of the former wife.[2] Thereafter, on February 17, 1980, the former wife obtained an additional monetary judgment against the former husband in the amount of $10,080.00, which purportedly represented unpaid child support arrearages.
The former wife filed the complaint below in the Dade circuit court on October 18, 1995, alleging that neither of her two monetary judgments against the former husband had been satisfied. In this action, she sought solely to have the court below aggregate both of these monetary judgments into one new judgment. In her complaint, the former wife acknowledged that the former husband is a resident of Asheville, North Carolina, but alleged generally that he was subject to the jurisdiction of the court below pursuant to section 48.193(l)(e) of Florida’s “long arm” statute. In response, on November 30,1995, the former husband filed a motion to dismiss based upon, among other things, a lack of personal jurisdiction. The former husband simultaneously filed a separate motion for relief from judgments pursuant to Rule 1.540(b), Florida Rules of Civil Procedure, wherein he sought to have the October 20, 1977, judgment declared void based upon his alleged failure to receive notice and the February 1980 judgment declared void because of satisfaction.[3] The former husband’s motion to dismiss for lack of personal jurisdiction [4] was heal'd by the court below and was denied based upon the court's determination, in effect, that the former husband had voluntarily submitted himself to the court’s jurisdiction by filing his motion for relief from judgments. This appeal followed.
It is a well-established rule of Florida civil procedure that a challenge to the court’s in personam jurisdiction is an affirmative defense which, unless raised at the “first opportunity” either by way of a responsive pleading or motion, will be deemed waived. Fla.R.Civ.P. 1.140(b) & (h); Romellotti v. Hanover Amgro Ins. Co., 652 So.2d 414, 414 (Fla. 5th DCA 1995); M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215, 1215-16 (Fla. 3d DCA 1992); Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987); Miller v. Marriner, 403 So.2d 472, 475 (Fla. 5th DCA 1981). Here, the record conclusively demonstrates that the former husband’s motion to dismiss for lack of personal jurisdiction was included in his first responsive pleading. Thus, it cannot be said that he did not raise this issue at the earliest or “first” opportunity. The former wife urges nevertheless that based upon this court’s decision in Odom v. Odom, 568 So.2d 988 (Fla. 3d DCA 1990), the former husband waived his jurisdictional challenge when he simultaneously or alternatively sought affirmative relief in his motion for relief from judgments. We disagree for several reasons.
First and foremost, we do not'believe that the former husband’s motion for relief from judgments can be properly characterized as one seeking affirmative relief. In that motion, the former husband essentially sought to avoid the judgments being sued upon or negate their validity by asserting lack of due process notice and payment respectively. We think that these are affirmative defenses which can properly be joined or pled in the alternative with the former husband’s jurisdictional challenge. Fla.R.Civ.P. 1.140(b) (“No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.”).
Next, even assuming arguendo that the former husband’s motion for relief from judgments could be construed as a request for affirmative relief, the Odom and other decisions relied upon by the former wife do not support her waiver argument. In the Odom and other decisions relied upon by the *84 former wife, the defending party initially sought affirmative relief from the court without first raising a challenge to the court’s jurisdiction as was done by the former husband in this case. See Odom, 568 So.2d at 988 (holding that jurisdictional challenge waived by first seeking the affirmative relief of abatement); Bay City Management, Inc. v. Henderson, 531 So.2d 1013, 1016 (Fla. 1st DCA 1988) (finding defendants who by special appearance filed motions to set aside defaults and only reserved the right to assert jurisdictional challenges, without actually asserting the same, waived any jurisdictional defects); Cumberland, 507 So.2d at 795 (“If a party takes some step ... which amounts to a submission to the court’s jurisdiction, then it is deemed that the party waived his right to challenge the court’s jurisdiction....”). Moreover, the law in this district as well as in the Fourth and Fifth districts is clear that once an objection based upon lack of jurisdiction over the person is timely interposed, it is preserved for all purposes and is not waived because affirmative relief is also sought. Ferrari v. Rubin, 616 So.2d 611, 612 (Fla. 5th DCA 1993); Logan v. Mora, 555 So.2d 1267, 1268 (Fla. 3d DCA 1989); Scarso v. Scarso, 488 So.2d 549, 550 (Fla. 4th DCA Í986); contra Hubbard v. Cazares, 413 So.2d 1192, 1193 (Fla. 2d DCA 1981) (“[A] timely objection to personal jurisdiction may nevertheless be waived ... [by] a defendant who goes beyond matters of defense and seeks affirmative relief .... ”), rev. denied, 417 So.2d 329 (Fla.1982).
We therefore conclude that the trial court erred in its determination that the former husband’s jurisdictional challenge was waived in this action. Since the court’s order reflects that the court found that the complaint did not contain jurisdictional allegations within the scope of section 48.193(l)(e) of the “long arm” statute and the former wife does not challenge this finding on appeal, we must reverse the order under review and remand with instructions that this case be dismissed for lack of in personam jurisdiction.
Reversed and remanded with instructions.

. That section provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

. The court determined that this amount represented the former wife's special equities in the former husband's assets.

. Based upon our review of the clerk’s docket of the action below, it appears that while both motions were filed by the former husband on November 30, 1995, the clerk docketed the motion to dismiss prior to the motion for relief from judgments.

.His motion for relief from judgment was never entertained by the court.