707 So.2d 702 (1998)
Mary Areca BABCOCK, Petitioner,
v.
James Marvin WHATMORE, Respondent.
No. 89807.
Supreme Court of Florida.
February 26, 1998.
*703 James C. Cunningham, Jr. and Patricia M. Baloyra of Bailey & Jones, P.A., Miami, Florida, for Petitioner.
Hendrik G. Milne; Craig P. Kalil and Silvia M. Garrigo of Aballi, Milne, Kalil & Garrigo, P.A., Miami, for Respondent.
SHAW, Justice.
We have for review Whatmore v. Babcock, 685 So.2d 82 (Fla. 3d DCA 1996), which conflicts with Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Mary Areca Babcock's marriage to James Marvin Whatmore was dissolved on October 20, 1977, by a final judgment which also awarded Babcock $160,556.43 for her special equities in Whatmore's assets. The court awarded Babcock an additional judgment against Whatmore for $10,080 on February 17, 1980, which purportedly represented unpaid child support arrearages. Babcock sued Whatmore on October 18, 1995, alleging that the judgments remained unpaid and sought to have both judgments aggregated into a single judgment. She acknowledged in her complaint that Whatmore is a resident of Asheville, North Carolina, but invoked Florida's jurisdiction pursuant to section 48.193(1)(e) of Florida's "long arm" statute.[1] Whatmore responded by filing a motion to dismiss based upon lack of personal jurisdiction. He simultaneously filed a separate motion to have the prior judgments declared void pursuant to Florida Rule of Civil Procedure 1.540(b).[2],[3]
The trial court denied the motion to dismiss, determining that Whatmore had voluntarily submitted to the court's jurisdiction by seeking affirmative relief in his motion for relief from the prior judgments. The district court reversed, holding that the motion for relief did not request affirmative relief, but even if it had:
[T]he law in this district as well as in the Fourth and Fifth districts is clear that once an objection based upon lack of jurisdiction over the person is timely interposed, it is preserved for all purposes and is not waived because affirmative relief is also sought.
Whatmore, 685 So.2d at 84 (citations omitted). The court noted conflict with Hubbard, wherein the court held that "a timely objection to personal jurisdiction may nevertheless be waived ... [by] a defendant who goes beyond matters of defense and seeks affirmative relief." 413 So.2d at 1193. Whatmore argues that his jurisdictional defense was preserved even if he had sought affirmative relief. We disagree.
*704 This Court has noted that the Florida rule governing defenses is patterned after rule 12(b) of the Federal Rules of Civil Procedure, and that "[t]he import of our rules is to a like effect."[4]State ex rel. Eli Lilly & Co. v. Shields, 83 So.2d 271, 272 (Fla.1955). Federal courts have held that the defense of personal jurisdiction "may be waived by formal submission in a cause, or by submission through conduct":[5]
It is settled beyond peradventure that the requirement of personal jurisdiction is intended to protect a defendant's liberty interests. Because the defense is a personal right, it may be obviated by consent or otherwise waived. A defendant may manifest consent to a court's in personam jurisdiction in any number of ways, from failure seasonably to interpose a jurisdictional defense, to express acquiescence in the prosecution of a cause in a given forum, to submission implied from conduct.
General Contracting & Trading Co. v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir.1991).
A number of Florida courts have similarly concluded that an otherwise timely asserted challenge to personal jurisdiction may be waived:
A defendant who timely asserts a challenge to the court's jurisdiction over the person of the defendant is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits. His challenge is preserved and he may obtain a review of the question of personal jurisdiction upon appeal should he suffer an adverse final judgment in the cause. State ex rel. Eli Lilly and Co. v. Shields, 83 So.2d 271 (Fla.1955)....
However, a timely objection to personal jurisdiction may nevertheless be waived. In jurisdictions which follow the rule that a defense on the merits is not a waiver, the courts have long held that a defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to the personal jurisdiction of the court. Thus a majority of federal courts have held that the filing of a permissive counterclaim is a request for affirmative relief which waives an objection to personal jurisdiction notwithstanding that the objection is timely made.
Hubbard, 413 So.2d at 1193 (citations omitted). We agree with the above reasoning of the federal and Florida courts that adhere to its reasoning and hold that a defendant waives a challenge to personal jurisdiction by seeking affirmative reliefsuch requests are logically inconsistent with an initial defense of lack of jurisdiction.[6]
*705 In the present case, we conclude that Whatmore's motion for relief from judgments was not a plea for affirmative relief but rather was a defensive motion seeking to avoid the judgments. We approve the district court's reasoning on this point:
First and foremost, we do not believe that the former husband's motion for relief from judgments can be properly characterized as one seeking affirmative relief. In that motion, the former husband essentially sought to avoid the judgments being sued upon or negate their validity by asserting lack of due process notice and payment respectively. We think that these are affirmative defenses which can properly be joined or pled in the alternative with the former husband's jurisdictional challenge. Fla.R.Civ.P. 1.140(b) ("No defenses or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.").
....
We therefore conclude that the trial court erred in its determination that the former husband's jurisdictional challenge was waived in this action.
Whatmore, 685 So.2d at 83.
Based on the foregoing, we approve the result in Whatmore as explained herein, but we disapprove the following language: "[O]nce an objection based upon lack of jurisdiction over the person is timely interposed, it is preserved for all purposes and is not waived because affirmative relief is also sought." Id. at 84. We approve Hubbard on this issue.
It is so ordered.[7]
KOGAN, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in result only.
GRIMES, Senior Justice, concurs in result with an opinion, in which WELLS, J., concurs.
GRIMES, Senior Justice, concurring in result.
Subject to the exceptions discussed below, I agree that a defendant waives a challenge to personal jurisdiction by seeking affirmative relief. Otherwise, a defendant could prosecute a claim for affirmative relief while at the same time reserving the right to contend the lack of personal jurisdiction if he lost. Plaintiffs who seek affirmative relief submit themselves to the jurisdiction of the court, and there is no reason why defendants should not also do so.
However, contrary to the majority opinion, I do not believe that the filing of a motion under Florida Rule of Civil Procedure 1.540(b) to declare the greater of the two judgments void was merely a defense.[8] The wording of the rule which permits the court to "relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding" belies the suggestion that such a motion does not seek affirmative relief. *706 In this case, however, I do not think the defendant could have run the risk of not filing a pleading directed toward setting aside the judgment. In essence, he was in the position of having to file a compulsory counterclaim. Had he not done so and subsequently lost his jurisdictional argument, I am confident that he would have been precluded from later seeking relief in a separate action.
This point was explained in Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987). In that case, the plaintiff sued the defendant over the performance of a contract. The defendant filed as answer and counterclaim which included as assertion that the court lacked personal jurisdiction over the defendant. Concluding that the substance of the counterclaim was compulsory in nature, the court held that the defendant had not waived its right to challenge the court's jurisdiction. The court explained:
Rule 1.140(b), Florida Rules of Civil Procedure, specifically states that every defense shall be asserted in a responsive pleading. Additionally, lack of jurisdiction over the person may, at the option of the pleader, be made by motion. Therefore, when CSI, in the instant case, chose to assert its defense in its answer, rather than by motion, it did not waive its right to challenge the court's jurisdiction. As to the counterclaim, because it was compulsory, it would have been waived, if it had not been raised at the time of the answer. Rule 1.170(a), Fla. R. Civ. P.
Id. at 796. See Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241 (9th Cir.1967); Hasse v. American Photograph Corp., 299 F.2d 666 (10th Cir.1962).
The procedure employed in the instant case was awkward. The defendant should have moved to dismiss the complaint for lack of jurisdiction over the person, and only if the motion was denied seek the affirmative relief of setting aside the judgment through the filing of a counterclaim. Notwithstanding, I concur in the result of the court's decision because to penalize the defendant in this case for "putting the cart before the horse" would place form over substance.
WELLS, J., concurs.
NOTES
[1] Section 48.193, Florida Statutes (1993), states in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
....
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
[2] Rule 1.540(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:... (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied.... The motion shall be made within a reasonable time.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.
[3] Although styled as a motion for relief from judgments, the substance of the motion was entirely defensive. Whatmore sought to have the greater judgment declared void for failure to receive notice and the lesser one for satisfaction. We would be elevating form over substance to hold that Whatmore sought affirmative relief by filing his motion for relief from judgments.
[4] The Shields Court refers to Florida Rule of Civil Procedure 1.11(b)(1954), which is now embodied in rule 1.140(b). Rule 1.140(b) states in pertinent part:

Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: ... (2) lack of jurisdiction over the person.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.... Any ground not stated shall be deemed to be waived except any ground not showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion.
Fla. R. Civ. P. 1.140(b).
[5] Continental Bank v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993); cf. Marshall v. Bacon, 97 So.2d 252, 255 (Fla.1957) ("[W]e take note of the further fact that [appellee-husband] filed his own petition with the Chancellor seeking this affirmative relief. On this aspect of the case there can be no question as to the jurisdiction over him for the simple reason that he appeared generally and requested the relief which he received."); Sternberg v. Sternberg, 139 Fla. 219, 224-25, 190 So. 486, 488 (1939) ("[W]hen a person appears specially for the purpose of presenting the question of jurisdiction of the court, he must restrict his motion to the grounds of such jurisdiction and must not include therein some other ground that recognizes the jurisdiction of the court over the person...."); Rorick v. Stilwell, 101 Fla. 4, 16, 133 So. 609, 615 (1931)("If, however, the defendant does take some step in the proceeding which amounts in law to a submission to the Court's jurisdiction, the fact that the defendant insists that he never so intended or that the does not admit the jurisdiction of the Court over his person, or that he only appears specially and not generally, is insufficient to preclude the court from considering and holding that the defendant has entered a general appearance in contemplation of law, whatever the defendant may choose to denominate his act.").
[6] Several Florida courts have held that a timely jurisdictional challenge will not immunize a defendant from waiver: Kimbrough v. Rowe, 479 So.2d 867, 869 (Fla. 5th DCA 1985)("[D]efensive actions undertaken by defendants do not constitute requests for affirmative relief inconsistent with their initial defense of lack of jurisdiction."); First Wis. Nat'l Bank v. Donian, 343 So.2d 943, 945 (Fla. 2d DCA 1977) ("[T]hose who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court's jurisdiction."); Shurden v. Thomas, 134 So.2d 876, 878 (Fla. 1st DCA 1961) ("Save where the court is completely without jurisdiction of the subject matter, a party will be completely estopped to question the court's jurisdiction if he invokes it, as by instituting an action or filing a counter claim or bringing a cross action, or if he requests or consents that a particular court take jurisdiction, or accepts benefits resulting from the court's exercise of jurisdiction."); cf. Cummings v. Palm Beach Marble & Tile, Inc., 497 So.2d 711, 711 (Fla. 4th DCA 1986)("Had Cummings not invoked the jurisdiction of the trial court by himself filing a cross-claim asking for affirmative relief, he could have maintained his defensive posture...."). But see Scarso v. Scarso, 488 So.2d 549, 550 (Fla. 4th DCA 1986) ("Once asserted, the objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought."); Ferrari v. Rubin, 616 So.2d 611, 612 (Fla. 5th DCA 1993) (same); Dimino v. Farina, 572 So.2d 552, 555 (Fla. 4th DCA 1990)(same); Logan v. Mora, 555 So.2d 1267, 1268 (Fla. 3d DCA 1989) (same).
[7] We disapprove Ferrari, Dimino, Logan, and Scarso to the extent they are inconsistent with this opinion.
[8] I agree that the allegation that the defendant had paid the smaller judgment was defensive in nature.