THOMPSON, C.J.
American Equity Investment Life Insurance Co. (“American Equity”) appeals an order of the Ninth Judicial Circuit of Florida determining that it had jurisdiction to compel American Equity, a non-party resident of Iowa, to comply with *188 certain discovery requests made by Charles W. Strube in connection with his action against Michael H. Lait, an American Equity insurance agent.
On 3 August 2001, American Equity signed a stipulation for the entry of a confidentiality order which subsequently was signed by Strube on 6 August 2001. The stipulation, the caption of which suggests it was intended to be filed in the ninth circuit, sets forth procedures for handling discovery deemed confidential. Disputes over confidential matters were to be submitted to the ninth circuit for resolution, and the attorneys for the parties to the stipulation “acknowledge the jurisdiction of the Court and agree to be bound by the jurisdiction of the Court.” The “Court” is defined in the stipulation to be the “9th Judicial District [sic] Circuit of Florida, County of Orange, Florida.” On 8 August 2001, the attorneys met for a pre-deposition conference in Iowa and disagreed about whether certain material was discoverable. A telephone call was placed to a judge in the ninth circuit, who ruled on the dispute and issued an order compelling discovery. Counsel for American Equity did not raise any issue of jurisdiction during the hearing, but instead thanked the judge for hearing the matter without notice. American Equity also filed, in the ninth circuit, a response to discovery requests which appear to relate to confidential and non-confidential material.
Under these circumstances, we cannot say that the court erred in deciding that American Equity voluntarily submitted itself to the jurisdiction of the Circuit Court of the Ninth Judicial Circuit of Florida.
It is settled beyond peradventure that the requirement of personal jurisdiction is intended to protect a defendant’s liberty interests. Because the defense is a personal right, it may be obviated by consent or otherwise waived. A defendant may manifest consent to a court’s in personam jurisdiction in any number of ways, from failure seasonably to interpose a jurisdictional defense, to express acquiescence in the prosecution of a cause in a given forum, to submission implied from conduct.
Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998) (quoting General Contracting & Trading Co., LLC v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir.1991)).
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.