991 So.2d 1022 (2008)
Roger Richard HOLLOWELL, Appellant,
v.
Kristen Jennifer TAMBURRO, Appellee.
No. 4D08-2429.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1023 Matthew S. Nugent, Adam M. Zborowski, and Jessica J. Ticktin of Law Offices of Matthew S. Nugent, North Palm Beach, for appellant.
Peggy Rowe-Linn of Peggy Rowe-Linn, P.A., West Palm Beach, for appellee.
GROSS, J.
The father challenges the personal jurisdiction of a Florida court to determine matters other than child custody and visitation under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), sections 61.501-61.542, Florida Statutes (2007). We reverse the order denying the father's motion to dismiss for lack of personal jurisdiction.
The father has lived in Aspen, Colorado for 32 years where he works as a manager for a 1,000-acre ranch. The father met the mother in 1997; they had three children together, but never married. The two oldest children were born in 2003 and 2005. They youngest child was born on August 24, 2007. The mother and the two older children primarily lived in Colorado until May, 2007, when they moved to Florida. In June, 2007, the mother filed a declaration of domicile in Martin County, Florida.
In October, 2007, the mother returned to Colorado to allow the father to visit with the children. The father filed a petition in Colorado to determine parental responsibilities and secured a restraining order to prevent the mother from leaving Colorado with the children. The restraining order was lifted, and the mother and children returned to Florida in November, 2007. In December, the Colorado court dismissed the father's petition, ruling that under the UCCJEA, Florida was the home state of the three children.
*1024 On December 10, 2007, the Mother filed a petition to determine paternity which also sought child support, a determination of parental responsibility, attorney's fees, and other relief in the Florida court. The father was served in Colorado.
The father retained Scott Alan Salomon to represent him. Salomon filed a notice of appearance on February 15, 2008 and stipulated to an agreed order giving the father time to answer the petition. Later, the father terminated Salomon[1] and hired his current lawyer, Matthew S. Nugent.
On March 14, 2008, the father filed his motion to dismiss for lack of personal jurisdiction supported by an affidavit establishing his Colorado residency and his absence of contacts with Florida. He filed a notice of mediation on March 31 and the court referred the case to family mediation on April 11, 2008. On April 10 the father moved for temporary custody and visitation with the children.
During May, 2008, the father moved for a protective order against discovery orders entered by the circuit court. The court heard the motion to dismiss on May 28 and denied the motion on June 3 determining that the father's participation in the proceedings had amounted to a waiver of his right to contest personal jurisdiction.
In Venetian Salami Co. v. Parthenais, the Supreme Court of Florida set forth a two-prong test to determine whether long-arm jurisdiction is proper under the long-arm statute, section 48.193, Florida Statutes (2007):
In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.
554 So.2d 499, 502 (Fla.1989), (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988)).
Under the first prong of Venetian Salami, the mother's complaint failed to allege sufficient facts to bring the case within the long-arm statute. This failure requires that the father's motion to dismiss be granted. See Fishman, Inc. v. Fishman, 657 So.2d 44, 45 (Fla. 4th DCA 1995); Morgan v. Morgan, 679 So.2d 342, 346 (Fla. 2d DCA 1996); Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985).
Subsections 48.193(1)(e) and (h) arguably apply to this case. The crucial facts that must be pleaded under section 48.193(1)(e) to sustain an "independent action for support of dependents," require a showing that the defendant "resided in this state preceding the commencement of the action, whether cohabiting during that *1025 time or not." Under section 48.193(1)(h), relating to paternity actions, the central jurisdictional fact that must be alleged is that the defendant engaged "in the act of sexual intercourse within this state with respect to which a child may have been conceived." The mother's complaint pleaded none of these facts to establish a jurisdictional basis under the long-arm statute.
As to the second prong of Venetian Salami, the father does not have minimum contacts with Florida sufficient to satisfy due process requirements. He was born and raised in Colorado and has lived and worked there his entire life. He has never owned any real estate in Florida. He has never resided in Florida.
To counter the father's arguments under Venetian Salami, the mother argues that the father's conduct in the litigation amounted to a waiver of his objection to personal jurisdiction. However, the father's actions were primarily defensive, consistent with his right to participate in this proceeding under the UCCJEA without waiving an objection to personal jurisdiction on the issues of child support or other monetary obligations.
A "child custody determination" under section 61.503(3), Florida Statutes (2008), is an order providing for, among other things, the "physical custody" and "visitation with respect to a child"; that "term does not include an order relating to child support or other monetary obligation of an individual." Section 61.510(1), Florida Statutes (2008), allows a party to make a limited appearance for a "child custody determination," without subjecting himself to jurisdiction on matters beyond the child custody determination. Section 61.510(1), Florida Statutes (2008) provides:
A party to a child custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child custody determination, is not subject to personal jurisdiction in this state for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.
The father concedes that the circuit court has subject matter jurisdiction to address the issues of custody and visitation, that the court may make a "child custody determination" under the UCCJEA. Under section 61.510(1), the father has the right to participate in the proceedings concerning those issues without waiving his objection to personal jurisdiction over financial issues. See Fox v. Webb, 495 So.2d 879 (Fla. 5th DCA 1986)(where court observed that that jurisdiction over a "custody determination" under the Uniform Child Custody Jurisdiction Act did not confer personal jurisdiction over a non-resident to alter support payments created by another state's decree). Colorado has personal and subject matter jurisdiction to establish child support and enforce a support order against the father. See In the Interest of A.K., 72 P.3d 402 (Colo.Ct.App.2003). The earlier Colorado ruling did not address financial issues regarding the children.
The mother contends that the father's admission of paternity in pleadings he filed in this action amounted to a waiver of his objection to personal jurisdiction under Babcock v. Whatmore, 707 So.2d 702 (Fla. 1998). In Babcock, the supreme court held that a defendant "waives a challenge to personal jurisdiction by seeking affirmative relief," because "such requests are logically inconsistent with an initial defense of lack of jurisdiction." Id. at 704. In that case, in 1995, a former wife filed an action on a judgment seeking to obtain a single final judgment consolidating two earlier judgments, entered in 1977 and 1980 respectively. Id. at 703. The former *1026 husband responded to the lawsuit by moving to dismiss for lack of personal jurisdiction and by filing a motion to have the 1977 and 1980 judgments declared void, under Florida Rule of Civil Procedure 1.540(b). Id. The supreme court held that the rule 1.540(b) motion did not waive his objection to personal jurisdiction, since the motion "was not a plea for affirmative relief but rather was a defensive motion seeking to avoid the judgments." Id. at 705.
The father's conduct in this case was similar to the rule 1.540(b) motion in Babcock. The father availed himself of the limited appearance allowed by section 61.510(1). He sought no relief beyond a "child custody determination" under the UCCJEA and otherwise preserved his objection to the court's personal jurisdiction over him.
We reverse the order denying the father's motion to dismiss for lack of personal jurisdiction and remand to the circuit court to determine issues relating to child custody and visitation under the UCCJEA.
SHAHOOD, C.J., concurs.
FARMER, J., concurs in result only.
NOTES
[1] The father says that Salomon refused to communicate with him. The replacement attorney, Matthew Nugent, contends that Salomon refused to cooperate with him in the substitution of counsel. We note that Salomon was suspended from the practice of law on June 27, 2008. See Supreme Court Case No. SC08-1195 at The Florida Bar v. Salomon, No. SC08-1195, 2008 WL 2579909 (2008), http://jweb.flcourts.org/pls/docket/ds_docket. It also appears that Salomon was arrested on charges of organized fraud on September 11, 2008. See Sofia Santana, Suspended Attorney Scott A. Salomon, of Coral Springs, charged with organized fraud: He is accused of defrauding over 30 clients, SOUTH FLORIDA SUN-SENTINEL.COM, Sept. 11, 2008, http://www.Sun-sentinel.com/news/local/broward/sfl-flbattorney091sbsep11, 0,2598790.story. We reject the mother's arguments that Salomon's conduct should result in a waiver of jurisdictional objections or in the striking of pleadings filed by Nugent.