DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MODWAY, INC.,**
Appellant,

v.

**OJ COMMERCE, LLC,**
Appellee.

No. 4D21-1147

[November 24, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE19-25902.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, for appellant.

Eric C. Edison of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellee.

WARNER, J.

Appellant Modway, Inc. ("appellant") appeals an order denying its motion to dismiss for lack of personal jurisdiction and for improper venue. We reverse and remand for the trial court to conduct further review of those challenges. We hold that appellant's previous successful motion to vacate a default and motions to quash service of process did not waive its challenge to personal jurisdiction. *See Babcock v. Whatmore,* 707 So. 2d 702, 704 (Fla. 1998); *Sierra v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.,* 299 So. 3d 402, 403 (Fla. 4th DCA 2020). Regarding venue, we remand for the trial to determine whether the parties entered a novation which terminated a venue selection clause within their original contract wherein the parties consented to litigate in New Jersey. *Mkt. Traders Inst., Inc. v. Kent,* 300 So. 3d 377 (Fla. 4th DCA 2020).

### *Facts*

In 2016, OJ Commerce, LLC ("appellee"), an online retailer, contracted with appellant Modway, Inc., a furniture manufacturer and wholesale

distributor for the supply of furniture. Their initial contract included a "Consent to Jurisdiction" clause, stating that the parties agreed that any cause of action under the contract would be brought in New Jersey and the parties consented to jurisdiction in New Jersey.

During the course of the parties' dealings, a payment dispute arose in 2016 and 2017. The parties resolved their dispute in two agreements. Through the first agreement dated January 4, 2018, the parties agreed to resume "normal business operations" upon a credit issued by appellant to appellee and appellee's payment of $111,977.33 to appellant. Weeks later, on January 26th, the parties entered into another agreement, expressly revoking the January 4th agreement and stating that they "have come to a resolution to resume conducting normal business operations."

The parties continued to conduct business, but further disputes arose. In December of 2019, appellee filed suit in Broward County, Florida against appellant alleging various causes of action including breach of contract. Appellee attempted to serve appellant in New Jersey, and subsequently obtained a clerk's default.

Thereafter, appellant filed separate motions on the same day to vacate the clerk's default and to quash service. The trial court granted both motions.

Appellee's subsequent efforts to serve appellant in New Jersey were met with additional motions to quash service, some of which alluded generally to issues regarding jurisdiction and venue. The trial court again quashed service and granted appellant's motion for attorney's fees for challenging that service.

Appellee subsequently amended its complaint to include allegations to authorize service of process on the Secretary of State, claiming that appellant was avoiding service. Appellee then served appellant accordingly.

Appellant moved to quash that service, and to dismiss based on lack of personal jurisdiction and on the venue selection clause within the parties 2016 contract providing that any lawsuit be brought in New Jersey. Appellant attached a supporting affidavit to that motion from a corporate officer who addressed service of process, venue, and personal jurisdiction.

The trial court denied that motion to quash service, and following non-evidentiary hearings, the trial court agreed with appellee that appellant waived its challenge to personal jurisdiction when its previous motions to

vacate the default and to quash service failed to address personal jurisdiction in any detail. Regarding venue, the trial court found that the venue clause within the parties initial 2016 contract was not expressly incorporated into their January 26, 2018 contract wherein they agreed to resume normal business operations and thus the contract had no governing venue clause. We reverse and remand for further review of each claim.

## *Personal Jurisdiction*

Whether a defendant has waived the defense of lack of personal jurisdiction is a pure question of law, which this court reviews de novo. *Snider v. Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015). We reverse the trial court's finding of waiver for two reasons and remand for the trial court to address the merits of appellant's jurisdictional challenge and to conduct any necessary hearings. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989).

First, the earlier motions to vacate the default and to quash service did not seek affirmative relief inconsistent with the defense of personal jurisdiction. *See Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998). Second, until service of process was properly made, the trial court did not obtain jurisdiction over appellant. Therefore, appellant timely raised that defense once service was perfected. *Sierra v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.*, 299 So. 3d 402, 403 (Fla. 4th DCA 2020). We explain each reason below.

## *Appellant did not seek affirmative relief*

In *Babcock,* our supreme court held that a defendant waives a challenge to personal jurisdiction by seeking affirmative relief because such requests "are logically inconsistent with an initial defense of lack of jurisdiction." 707 So. 2d at 704. "Affirmative relief" is "relief for which a defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it." *Brown v. U.S. Bank Nat. Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013) (quoting *Heineken v. Heineken,* 683 So. 2d 194, 197 (Fla. 1st DCA 1996) (concluding that a motion for attorney's fees did not seek affirmative relief)).

*Babcock* held that a defendant's motion to vacate a prior final judgment as void was not affirmative relief and therefore did not waive his right to pursue a motion to dismiss for lack of personal jurisdiction. If a motion to vacate a prior *judgment* is not a claim for affirmative relief sufficient to

waive the right to assert a lack of personal jurisdiction, then appellant's motion to vacate the clerk's default likewise is not a claim for affirmative relief; nor is it a waiver of a later personal jurisdiction challenge.

Despite the supreme court's holding in *Babcock*, the trial court found waiver based on *Golden State Industries, Inc. v. Cueto*, 883 So. 2d 817 (Fla. 3d DCA 2004). In *Cueto* the defendant was served with process in California and, after a trial was set to determine damages, defendant moved to vacate a default. Attached to the motion to vacate was a proposed answer and affirmative defenses. The trial court denied that motion to vacate as well as the defendant's renewed motion to do so.

Thereafter, the defendant moved to dismiss for lack of personal jurisdiction. The trial court held that the defendant's filing of the motion to vacate the default waived the defense of lack of personal jurisdiction. While citing *Babcock* for general principles, *Cueto* did not adhere to its holding that a motion for relief from judgment does not seek affirmative relief and does not waive a claim of lack of personal jurisdiction. 883 So. 2d at 820–23.

*Cueto* also is distinguishable in that the motions to vacate were denied, and there was no successful motion to quash. Here, the trial court granted appellant's motions, both filed on the same day, to quash service and to vacate the default. We conclude that the granting of the motion to quash service deprived the trial court of jurisdiction over appellant until proper service was effected.

### *Personal jurisdiction timely raised*

Once appellee amended its complaint, appellant again challenged service of process. The trial court denied that motion to quash service and ordered appellant to respond. Appellant then appropriately responded with a motion contesting personal jurisdiction, together with an affidavit showing lack of contacts with Florida, and a motion to dismiss for improper venue based upon the contractual clause.

Accordingly, appellant did not waive its jurisdictional challenge, as it timely raised those defenses once service was perfected. Until then the trial court did not obtain jurisdiction over appellant. As we recently explained:

> A challenge to service of process relates to the court's personal jurisdiction over the defendant. "Proper service of process is indispensable for the court to obtain personal jurisdiction over

4

a defendant," *Nat'l Safety Assocs., Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 317 (Fla. 2d DCA 2001), and when service is not proper, "personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted," *Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 266 (Fla. 4th DCA 2013) (quoting *Re-Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)).

*Sierra v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.*, 299 So. 3d 402, 403 (Fla. 4th DCA 2020).

Thus, by quashing the initial service of process, and requiring new service, the time for serving a response re-commenced. Also, when appellee filed an amended pleading, which included an alternative basis for service of process, that amended complaint should have been treated as an original pleading to which appellant had the right to respond in accordance with Florida Rule of Civil Procedure 1.140. *See Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp.* 415 So. 2d 892, 895 (Fla. 3d DCA 1982) ("Because plaintiff's previous service of process was quashed, plaintiff was required to treat the second amended complaint as the original pleading and serve the defendant.").

## Venue

The parties 2016 agreement included a venue clause whereby the parties agreed and consented to litigate issues in New Jersey.[1] Following billing disputes, the parties entered into two agreements in 2018 whereby the parties resumed conducting business with each other.

The trial court determined that last 2018 agreement without a venue selection clause was a novation. *See C.V.P. Cmty. Ctr., Inc. v. McCormick 105, LLC*, 302 So. 3d 905, 907 (Fla. 4th DCA 2020), *rev. denied* SC20-1494, 2021 WL 3523502 (Fla. Aug. 11, 2021). Appellant disagrees, arguing that the 2018 agreements modified the original 2016 agreement with its venue clause.

---

[1] CONSENT TO JURISDICTION; Any lawsuit based upon any cause of action arising between the parties whether under this agreement or otherwise, shall be brought in the court of record in Union County NJ and each party consents to the jurisdiction of these courts in any legal proceeding and waives any objection which they may have to venuing in any legal proceeding in these courts, including any claim that the legal proceeding has been brought in an inconvenient forum.

We agree with appellant that the trial court needed to conduct an evidentiary hearing before reaching its conclusion that the last 2018 agreement was a novation. *See Kerrigan, Estess, Rankin & McLeod v. State*, 711 So. 2d 1246, 1249 (Fla. 4th DCA 1998).

Accordingly, for the reasons expressed, we reverse the order that denied appellant's motion to dismiss which raised timely challenges to personal jurisdiction and venue and remand for further review of each claim.

*Reversed and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

6