GARRETT, Judge.
Appellant seeks review of the trial court’s denial of its motion to set aside a default.
Appellees sued for the damages they suffered when their car and appellant’s truck collided. A deputy sheriff’s return of service stated that he served appellant on the morning of August 24, 1986, by delivering a copy of the summons and complaint to Sylvia Gwynn, appellant’s comptroller. A separate return of service stated that eode-fendant Charles Lewis (Lewis), the driver employee of appellant, was personally served on the same date at the same place. Neither appellant nor Lewis responded to the service and in May of 1987, the court clerk entered defaults.
*1270 In September of 1987, both appellant and Lewis filed a motion to set aside the default. At an evidentiary hearing, the parties stipulated that August 24, 1986 was a Sunday, so August 25, 1986, a Monday, should have been written as the service date. The deputy testified that he had no independent recollection of serving the appellant other than what was written on the return of service. However, the deputy remembered going to appellant’s corporate offices twice — once to serve appellant, then a half hour later to serve Lewis. Sylvia Gwynn testified that had she been served she would have followed office procedure and given the papers to the office manager. Pat Bibby, the office manager, testified that neither she nor anyone else associated with appellant’s corporation recalled any service.
Lewis testified that he couldn’t have been served on Monday morning because he was away from the corporate office working. When Lewis returned later that night he found some paperwork on his clipboard. Lewis showed the papers to his dispatcher before he took them home. The trial judge granted Lewis’s motion, but denied appellant’s.
We recognize that a return of service is afforded a presumption of correctness which must be overcome by clear and convincing evidence and that a mere denial of service is insufficient. Slomowitz v. Walker, 429 So.2d 797 (4th DCA 1983). However, under appropriate circumstances courts should liberally set aside defaults so that controversies may be determined on their merits. Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982). Any doubt should be resolved in favor of granting a motion to set aside a default. Zimmerman v. Vinylgrain Industries of Jacksonville, Inc., 464 So.2d 1353 (Fla. 1st DCA 1985).
We believe that the service return date error, the trial court’s finding that Lewis was not personally served, the denial of service by appellant’s employees, and the deputy’s admitted lack of recollection ere-ate a doubt whether appellant was served. We find the trial judge abused her discretion as the evidence when taken as a whole clearly and convincingly overcame the service return’s presumption of correctness.
Accordingly, we reverse and remand for further proceedings consistent herewith.
HERSEY, C.J., and WALDEN, J., concur.