652 So.2d 414 (1995)
David G. ROMELLOTTI, Appellant,
v.
HANOVER AMGRO INSURANCE COMPANY, Appellee.
No. 94-2039.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
Rehearing Denied April 7, 1995.
John V. Colvin, Robert E. Mansbach, Jr., of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellant.
Walter A. Ketcham and Art C. Young of Taraska, Grower, Unger & Ketcham, P.A., Orlando, for appellee.
DAUKSCH, Judge.
Appellant, David Romellotti, timely appeals a nonfinal order dismissing his amended complaint for lack of jurisdiction.
The record shows that appellant filed a complaint for a declaratory judgment seeking personal injury protection benefits from appellee, Hanover Amgro Insurance Co., under an insurance policy and damages, attorney's fees, costs and prejudgment interest resulting from its refusal to provide coverage. Appellee answered appellant's complaint in which it admitted that it insured appellant but expressed doubt as to whether it was liable for coverage. After appellant filed an amended complaint, appellee filed a motion to dismiss for lack of venue and jurisdiction. Appellant responded to appellee's motion to dismiss by arguing that appellee had waived the affirmative defense of lack of personal jurisdiction because of its failure to raise the defense in its initial responsive pleading or in a motion directed at his initial complaint. Having generally appeared in the case by pleading to the merits, appellant maintained that appellee had waived the defense. The trial court granted appellee's motion to dismiss appellant's amended complaint for lack of jurisdiction. We reverse.
It is well established that a defendant's failure to raise the affirmative defense of lack of in personam jurisdiction by a responsive pleading or by appropriate motion results in a waiver of that defense. See Fla.R.Civ.P. 1.140(b) & (h). This means that the defense must be raised at the "first opportunity." See M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215 (Fla. 3d DCA 1992). See also Cumberland Software, Inc. v. Great American Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987) (the "first step" which a party takes, whether it be the filing of a preliminary motion or a responsive pleading, must assert the affirmative defense of lack of personal jurisdiction or the defense is waived); Miller v. Marriner, 403 So.2d 472, 475 (Fla. 5th DCA 1981) (same).
A party who challenges in personam jurisdiction after making a general appearance in the case is deemed to have waived the right to contest jurisdiction. See Buttigieg *415 v. Prunetti, 610 So.2d 667 (Fla. 4th DCA 1992). See also Bay City Management, Inc. v. Henderson, 531 So.2d 1013 (Fla. 1st DCA 1988) (jurisdictional defects waived where defendants by general appearance filed a motion to set aside defaults and merely reserved their right to assert jurisdictional defenses without setting forth the defenses or the grounds upon which they were based); Cumberland, 507 So.2d at 795 (a party who takes "some step" submitting to court's jurisdiction is deemed to have waived right to challenge court's jurisdiction regardless of his intent not to concede jurisdiction); White v. Nicholson, 386 So.2d 74 (Fla. 2d DCA 1980) (a party who makes a general appearance may not later repudiate it by attacking court's personal jurisdiction over him). Because appellee failed to assert the affirmative defense of lack of jurisdiction in its answer to appellant's initial complaint, the defense was waived. Accordingly, the trial court's dismissal of appellant's amended complaint is reversed.
REVERSED.
COBB and THOMPSON, JJ., concur.