792 So.2d 1266 (2001)
SOUTHEASTERN TERMITE AND PEST, Appellant,
v.
Aser ONES and Gladys Ones, his wife, and Adam A. Johnson, Appellees.
No. 4D01-253.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*1267 Lawrence I. Hauser of Alvarez, Sambol, Winthrop & Madson, P.A., Winter Park, for appellant.
Mark K. Koenig of Law Office of Mark K. Koenig, West Palm Beach, for appellees-Aser Ones and Gladys Ones, his wife.
PER CURIAM.
This non-final appeal is from an order which denied, without an evidentiary hearing, appellant's motion to vacate a clerk's default entered for appellant's failure to timely serve a responsive pleading to the complaint. Appellant's motion was supported by an affidavit stating facts which, if true, would establish that the court never acquired personal jurisdiction over appellant.[1] We reverse and remand for an evidentiary hearing.
The process server's affidavit of service stated that he served the appellant corporation on March 29, 2000, at 8:00 p.m., by delivering a true copy of the summons and complaint to Celso Saenz, as president of the corporation, at 208 Rich Drive, West Palm Beach, Florida. On May 1, 2000, the clerk entered a default against appellant for its failure to serve a pleading as required by law. Approximately six months later appellant filed its motion to vacate the default, asserting that it had only recently learned of the suit and the default; that service of process had not been made on Mr. Saenz, as stated in the process server's affidavit, because he did not live at 208 Rich Drive on March 29, 2000[2]; and *1268 that it had a meritorious defense to the suit. The motion was supported by Mr. Saenz's affidavit that he never received the summons and complaint, and that on March 29, 2000, he was residing at 1853 Bell Lane, West Palm Beach, where he had resided for some five weeks.
The only real issue here is whether the court acquired personal jurisdiction over the appellant corporation. Resolution of that issue turns on a resolution of the clear cut factual dispute whether Mr. Saenz, as appellant's president, was personally served with process on March 29, 2000, as the process server's affidavit states. If he was not, then the court did not acquire personal jurisdiction over the appellant corporation, the default must be vacated, and the purported service on appellant quashed. On the other hand, if Mr. Saenz was served as the affidavit of service states, then the court did acquire personal jurisdiction over the appellant, and there would be no reason to vacate the default since there was no showing that appellant's failure to timely serve a responsive pleading was due to any excusable neglect.
We adhere to the view that a certificate of service which is regular on its face is presumptively valid. See County Sanitation, Inc. v. Jean, 559 So.2d 1269, 1270 (Fla. 4th DCA 1990); Lazo v. Bill Swad Leasing Co., 548 So.2d 1194, 1195 (Fla. 4th DCA 1989). However, where the contents of an affidavit supporting a defendant's contention of insufficiency of service would, if true, invalidate the purported service and nullify the court's personal jurisdiction over the defendant, the trial court should hold an evidentiary hearing before deciding the issue. See Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364, 365 (Fla. 4th DCA 1997) (finding that an affidavit supporting defendant's motion to quash service of process, if true, would establish that service was effected on someone unqualified to receive service, therefore an evidentiary hearing was required); Camerota v. Kaufman, 666 So.2d 1042, 1045 (Fla. 4th DCA 1996) (finding that affidavits supporting defendant's motion to vacate default judgment, if true, created an issue of fact as to receipt of notice, therefore, the trial court was required to hold an evidentiary hearing); Monsour v. Balk, 705 So.2d 968, 970 (Fla. 2d DCA 1998) (stating that the affidavit supporting defendant's motion for relief from judgment, if true, would establish that defendant's son was not qualified to accept service for defendant and therefore the trial court was required to hold an evidentiary hearing).
We remind that appellant's denial of service must be supported by corroborating evidence and that its proof must meet the clear and convincing evidence standard. See Slomowitz v. Walker, 429 So.2d 797, 799 (Fla. 4th DCA 1983).
REVERSED and REMANDED.
FARMER, STEVENSON, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] The motion was more properly one to quash service since, as indicated below, the only real issue is whether there was valid service of process.
[2] At first blush, one might read the motion as claiming service was invalid because Mr. Saenz did not reside at the address where he purportedly was served. However, the language is equally susceptible to being understood as corroborating Mr. Saenz's categorical denial that he never received the summons and complaint, i.e., that the person served at that address, whoever it might have been, could not have been Mr. Saenz because he had not been there at anytime since he moved to his new residence several weeks earlier.