LAMBERT, J.
Empire Beauty Salon, Inc. (“Empire”), Robert E. Hernandez (“Hernandez”), and Salon Dominicano & Associates Corporation, under the trust known as Empire Beauty Salon 4401 East Colonial Family Land Trust (“Salon Dominicano”), appeal the summary final judgment awarding damages against Empire for defaulting on a promissory note and foreclosing a mortgage on real property used to secure payment of the note.[1] Appellants have raised eight issues on appeal. We find that one issue has merit. Because we find Salon Dominicano was not properly served with process, we reverse the judgment of foreclosure against Salon Dominicano. We affirm as to all other issues.
In November 2007, Empire executed a promissory note to purchase real property in Orlando, Florida. The note was secured by a mortgage on the property, which identified Fidelity Bank of Florida, N.A. (“Fidelity”) as the lender. Shortly before Fidelity filed its complaint for nonpayment of the note to foreclose the mortgage, Empire conveyed title to the, encumbered property to Salon Dominica-no. Fidelity amended its complaint to add a junior lienholder as a defendant,[2] and Hernandez filed a pro se response to the amended complaint. Fidelity thereafter moved for a summary final judgment and attached an affidavit in support of its motion. Shortly before the summary judgment hearing, Appellants retained counsel, who filed numerous motions and responses to the summary judgment motion, including a motion to quash due to the insufficiency of service of process upon Salon Dominicano, with a supporting affidavit *138 from Hernandez.[3] The court granted summary judgment in favor of Fidelity,[4] implicitly denying Salon Dominicano’s motion to quash. After Appellants’ motion for rehearing was denied, this appeal followed.
Salon Dominicano claims that the trial court erred in entering a final judgment of foreclosure against it because it was not properly served with process pursuant to section 48.081, Florida Statutes (2013). The affidavit of service reflects that Fidelity served Salon Dominicano with process at 1:26 p.m. on February 18, 2013, by serving Robert E. Hernandez, its “manager/employee.” Salon Dominicano argues that this was ineffective to bind the corporation because Hernandez is neither an employee nor an officer of Salon Dominica-no. Because no hearing was held on the motion to quash, the trial court could only have relied on the affidavit of service and the arguments of counsel at the summary judgment hearing. As such, our review is de novo. See Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010) (“A trial court’s ruling on a motion to quash service of process consists of a question of law subject to a de novo standard of review.” (citing Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA 2007))).
Valid service of process on a corporation is effected by complying with section 48.081, Florida Statutes, which provides:
(1)Process against any private corporation, domestic or foreign, may be served:
(a)On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person de- . scribed in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt of service even if the registered agent is temporarily absent from his or her office.
§ 48.081(1)-(3)(a), Fla. Stat. (2013).
“[Bjecause of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced.” Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001). “The court cannot proceed in a matter until proper proof *139 of valid service is made.” Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007). Fidelity, as the party invoking the court’s jurisdiction, had the burden of proving proper service of process. As stated in Re-Employment Services:
The burden of proving proper service of process falls upon the party invoking the court’s jurisdiction, and the return of service is evidence of whether service was validly made. If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence. However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid.
Id. (citations omitted).
In limited circumstances, valid service of process can be obtained against a corporation’s employee. Section 48.081(3)(a) permits service on a corporation by serving the corporation’s registered agent, who is required to be present at the corporation’s registered office during weekdays from 10 a.m. until 12 p.m. under section 48.091, Florida Statutes. “However, if service of process cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s principal place of business or on any employee of the registered agent.” § 48.081(3)(a), Fla. Stat. (2013). The return of service indicates the process server served Hernandez at 1:26 p.m. on February 13, 2013. Because the registered agent was not required to be present at this time, the return of service is defective, as the process server did not state that he or she attempted to visit the corporation’s registered agent during the statutorily prescribed hours, and therefore, did not have a factual basis for serving Salon Dominicano’s “employee,” Hernandez, at its principal place of business.
The return of service was also defective on its face because it had none of the required information under section 48.081, Florida Statutes. In Space Coast Credit Union v. The First, F.A., 467 So.2d 737 (Fla. 5th DCA 1985), this court stated:
An affidavit showing service upon an inferior officer or agent of a corporation, in order to bind the corporation for jurisdictional purposes must show the absence of all the officers of a superior class designated in the statute as those upon whom service shall be had, before resort is had to service upon one of an inferior class. If this requirement is not met, a court’s jurisdiction is not perfected, and any judgment entered thereon is void.
467 So.2d at 739-10 (citing Milton Land & Inv. Co. v. Our Home Life Ins. Co., 81 Fla. 227, 87 So. 636 (1921)); see also Paris v. Protection Consultants, Inc., No. 6:09-CV-1474ORL28DAB, 2009 WL 3817605, at *2 (M.D.Fla. Nov. 16, 2009) (“While some manner of substitute service is available under state law (if, for example, service cannot be made on a registered agent because of failure to comply with Fla. Stat. § 48.091), it is incumbent on the process server to set forth a factual basis for concluding that the unorthodox service was, indeed, effective under state law.”). But see Koster v. Sullivan, 103 So.3d 882, 886-87 (Fla. 2d DCA 2012) (certifying conflict and question to Florida Supreme Court regarding whether factors defining the manner of service indicated in service of process statutes must be included in a return of service before service is presumed valid), review granted, 130 So.3d 692 (Fla.2013).
Even if we were to construe the return of service as being valid on its face, *140 the trial court erred in not holding an evidentiary hearing to resolve whether Hernandez was an employee of Salon Dominicano, as the affidavit in support of the motion to quash states otherwise. See Se. Termite & Pest v. Ones, 792 So.2d 1266, 1268 (Fla. 4th DCA 2001) (“[W]here the contents of an affidavit supporting a defendant’s contention of insufficiency of service would, if true, invalidate the purported service and nullify the court’s personal jurisdiction over the defendant, the trial court should hold an evidentiary hearing before ' deciding the issue.”); Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364, 365 (Fla. 4th DCA 1997) (“The unrebutted allegations contained in appellant’s motion to quash service of process and the supporting affidavit, if proven by clear and convincing evidence, would establish appel-lee’s failure to effect valid service of process as required by section 48.031, Florida Statutes (1991). Appellant is therefore entitled to an evidentiary hearing on her motion to quash service of process.” (citation omitted) (quoting Linville v. Home Sav. of America, FSB, 629 So.2d 295, 296 (Fla. 4th DCA 1993))).
Appellee argues that even if it did not perfect valid service of process against Salon Dominicano, Salon Domini-cano waived its challenges to personal jurisdiction by seeking affirmative relief with the trial court by contemporaneously filing with its motion to quash a document entitled “Motion for ADR-Mediation-Arbitration,” in which it asked that the case be referred to alternative dispute resolution. A defendant may waive a timely objection of personal jurisdiction by seeking affirmative relief because requesting such relief is inconsistent with an initial defense of a lack of personal jurisdiction. Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998).
We find that Salon Dominicano did not waive its jurisdictional challenge by requesting the trial court to mediate the foreclosure action because it did not seek affirmative relief. “Affirmative relief’ has been defined as “relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiffs action.” Black’s Law Dictionary 1482 (10th ed. 2014); see, e.g., Hollowell v. Tamburro, 991 So.2d 1022 (Fla. 4th DCA 2008) (reversing order denying father’s motion to dismiss for lack of personal jurisdiction even though the father subsequently filed a notice of mediation and the case was referred to family mediation). Because Salon Dominicano did not file a counterclaim or cross-claim, or seek to enforce its rights, if any, under the note or mortgage, Appellee’s argument is without merit.
AFFIRMED in part; REVERSED in part; and REMANDED.
SAWAYA and WALLIS, JJ., concur.

. Hernandez is a guarantor on the note. During the course of this litigation, he filed for bankruptcy relief. No judgment was ever entered against him due to the stay imposed by the bankruptcy court, and this appeal was abated as to him.

. See Fla. R. Civ. P. 1.190(a) (providing that a "party may amend a pleading once as a matter of course at any time before a responsive pleading is served”).

. A defendant may question the trial court's jurisdiction over the defendant due to insufficient service of process via a motion to quash. Tucker v. Dianne Elec., Inc., 389 So.2d 683, 685 (Fla. 5th DCA 1980) (stating that the defendant's motion to quash should have been granted "because the record failed to show proper service of process”).

. During the pendency of this appeal, Commercial Loan Solutions IV, LLC was substituted as Appellee.