FORST, J.
Appellant Stephan Snider appeals the final order dismissing his case against Ap-pellees Mary Lou Snider Metcalfe and Randy Ransom Culler for lack of personal jurisdiction. We find no error with the trial court’s determination that it lacked personal jurisdiction over Appellees, and thus we affirm; however, we write to address Appellant’s preliminary claim that Appellees waived their right to contest personal jurisdiction.
*424 Background
Appellant is the son of the deceased Harrison Snider (“Decedent”). Appellee Mary Lou Snider Metcalfe (“the Wife”) was the -wife of the Decedent at the time of his death. In 1986, the Decedent executed a last will and testament in Florida. The will provided for the creation of three testamentary trusts (“the Trusts”). The named co-trustees for the Trusts were the Wife and a friend of the Decedent, James Frevert. Appellant was a beneficiary of the Trusts.
The Decedent died later in 1986. His will was probated in Palm Beach County, and the Wife and Frevert commenced serving as co-trustees of all the Trusts. In 1998, the Wife moved from Florida to North Carolina. Frevert resigned as co-trustee in 2001, and then the Wife appointed her relative, Michael S. Culler, as co-trustee. Michael Culler served as co-trustee until 2006, and then the Wife appointed another relative, Appellee Randy Culler, as co-trustee.
In December 2009, Appellant filed a complaint against Appellees, as the current co-trustees of the Trusts, and Michael Cul-ler, as a former co-trustee (but he was eventually dismissed from the suit), primarily alleging breach of fiduciary duty and breach of trust. In response, the Trustees moved to dismiss the complaint on the grounds of statute of limitations and laches in February 2010. This motion did not assert lack of personal jurisdiction over Appellees as a defense. No hearing was set for the motion.
While the motion was pending, Appel-lees participated in discovery by responding to Appellant’s interrogatory requests. Nothing occurred in the case until December 2011, when Appellees filed a notice of intent to use trust funds to pay for attorneys’ fees and costs. The next filing was Appellees’ amended motion to dismiss in July 2012. The amended motion requested dismissal of the action solely on the basis of lack of personal jurisdiction over Appellees. Appellees also filed affidavits in support of their amended motion. After several additional amendments to both the complaint and the motion to dismiss, the trial court ultimately granted Appellees’ motion and dismissed the complaint on the grounds of lack of personal jurisdiction..
Analysis
Appellant first argues on appeal that Appellees, waived their right to contest personal jurisdiction in the case because they filed an initial motion to dismiss without asserting a challenge to the court’s jurisdiction over them. Whether a defendant has waived the defense of lack of personal jurisdiction is a pure question of law, which we review de novo. Wiggins v. Tigrent, Inc., 147 So.3d 76, 80 (Fla. 2d DCA 2014).
Lack of personal jurisdiction is a waivable defense that must be raised at the “first opportunity” and before the defendant takes any steps in the proceeding constituting submission to the court’s jurisdiction. See Fla. R. Civ. P. 1.140(b); Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007); Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005). “However, no waiver occurs if the initial motion to dismiss is amended to include the defense before the motion is heard.” Re-Employment Servs., 969 So.2d at 470-71 (citing Astra v. Colt Indus. Operating Corp., 452 So.2d 1031, 1032 (Fla. 4th DCA 1984)).
Appellees correctly assert that our decision in Astra guides our waiver discussion in the instant case. In Astra, a third-party defendant filed a motion to dismiss the third-party complaint, attacking the claim for indemnification on the merits. *425 Astra, 452 So.2d at 1032. Five months later, but before the initial motion was heard, the defendant filed an amended motion to assert lack of personal jurisdiction. Id. We reversed the trial court’s denial of the motion to dismiss and noted that the defendant “did nothing in the litigation that could constitute a waiver of its objection to personal jurisdiction other than its filing of the original motion[] to dismiss” and so it would be “hypertechnical” to suggest that the defendant waived the challenge by raising it in the amended motion and not the original. Id. at 1032-33.
Similarly, Appellees in the instant action filed an initial motion to dismiss based on statute of limitations and laches and then, before the initial motion was ruled upon, filed an amended motion to dismiss based on lack of personal jurisdiction. Although the amended motion was filed over two years after the initial motion was filed, Appellees took no steps in the proceedings that would amount to “submission to the court’s jurisdiction” and lead to waiver of the right to challenge that jurisdiction. See Solmo, 909 So.2d at 564; Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987). The only steps Appellees took in the case, aside from the motions to dismiss, were the filing of the notice of intent to use trust funds to pay for attorneys’ fees and their two responses to a discovery request by Appellant. Neither of these actions would amount to “submission to the court’s jurisdiction,”[1] nor do they constitute requests for affirmative relief.[2] See Brown v. U.S. Bank Nat’l Ass’n, 117 So.3d 823, 824 (Fla. 4th DCA 2013) *426 (citing Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998)).
The cases Appellant offers in support of his waiver argument are all distinguishable on the facts. In both Fiocchi v. Trainello, 566 So.2d 904 (Fla. 4th DCA 1990), and Zimmerman v. Weinberg, 557 So.2d 193 (Fla. 4th DCA 1990), the defendants waived their challenges to personal jurisdiction where they filed initial motions in the case without asserting the defense, obtained a ruling on their motions, and then filed an amended or subsequent motion asserting lack of jurisdiction for the first time. Contra Re-Employment Servs., 969 So.2d at 470-71. In Bailey, Hunt, Jones & Busto v. Scutieri, 759 So.2d 706, 708 (Fla. 3d DCA 2000), the defendants waived any objection to personal jurisdiction because they had sought affirmative relief through filing their own pleadings with the court and had been actively litigating the case in federal court for three years before asserting the jurisdictional challenge. In the instant case, Appellees did not seek affirmative relief, nor did they receive a ruling on their initial motion prior to their challenge to personal jurisdiction.
We therefore affirm the final order dismissing the case where Appellees did not waive their challenge to personal jurisdiction and no error exists with the trial court’s determination that it lacked personal jurisdiction over Appellees.

Affirmed.

STEVENSON, J., concurs.
KLINGENSMITH, J., dissents with opinion.

. While the dissent asserts that the filing of the notice of intent to use trust funds to pay for attorneys’ fees is "akin to moving the court to grant a request materially beneficial to them," this assertion is incorrect where the notice was filed pursuant to the statutory requirement in section 736.0802(10), Florida Statutes (2011). Section 736.0802(10) provides for the payment of attorneys’ fees incurred in any proceeding involving the trust from the assets of the trust "without the approval of any person and without court authorization." The exception is when the action involves a breach of trust, as in the instant case. § 736.0802(10), Fla. Stat. Where breach of trust is alleged against the trustee, "the trustee shall provide written notice to each qualified beneficiary of the trust whose share of the trust may be affected by the payment of attorney’s fees.” § 736.0802(10)(a). Once this notice is provided, the burden is on a party to the action to obtain a court order to prohibit the trustee from paying for fees from trust assets. § 736.0802(10)(b). As such, the notice was not requesting the court to take any action, much less action materially beneficial to Ap-pellees, where any action taken by the court in response to the notice would be action on behalf of Appellant and would likely not be beneficial to Appellees.
Nor can Appellees’ responses to Appellant’s discovery request be considered conduct in submission to the court’s jurisdiction where Appellees were not the parties seeking discovery in the proceedings and they were not requesting any relief from the court related to the request. But see Markowitz v. Merson, 869 So.2d 728, 729 (Fla. 4th DCA 2004) (finding waiver of a challenge to personal jurisdiction where the defendant sought discovery in the proceedings before asserting the claim of lack of personal jurisdiction); Joannou v. Corsini, 543 So.2d 308, 311 (Fla. 4th DCA 1989) (finding a defendant waived his claim of lack of personal jurisdiction where he "made an appearance and claimed rights under the Florida Rules of Civil Procedure which are available to parties”).

. " 'Affirmative relief has been defined as ‘relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action.’ ” Empire Beauty Salon v. Commercial Loan Solutions IV, LLC, 159 So.3d 136, 140, 39 Fla. L. Weekly D2381, 2014 WL 5877947, at *4 (Fla. 5th DCA Nov. 14, 2014) (quoting Black’s Law Dictionary 1482 (10th ed. 2014)).