DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAUL J. CEPERO** a/k/a **RAUL DE JESUS CEPERO** and **LESLIE CEPERO,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.** f/k/a
**THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE FOR
CHASE MORTGAGE FINANCE CORPORATION MULTI-CLASS
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-S2,**
Appellee.

No. 4D15-1162

[February 10, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Artau, Judge; L.T. Case No. 502013CA004045XXXXMB AW.

Peter J. Snyder of Peter J. Snyder, P.A., Boca Raton, for appellants.

Roy A. Diaz of SHD Legal Group, P.A., Fort Lauderdale, for appellee.

WARNER, J.

Appellants, Raul and Leslie Cepero, appeal an order denying their motion to quash service of process. They claim that the court erred in concluding that the motion was not proper simply because their claim of insufficiency of service of process was not made in their initial motion to dismiss. We agree that the court erred in determining that they had waived their claim by failing to assert it in the motion to dismiss, as they amended the motion to include this claim prior to the court ruling on the motion. We thus reverse as to Leslie Cepero. We affirm as to Raul by application of the tipsy coachman rule,[1] as we reject his contention of improper service.

---

[1] *See Robertson v. State*, 829 So. 2d 901, 906-07 (Fla. 2002); *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999).

Appellee, The Bank of New York Mellon Trust Company, f/k/a The Bank of New York Trust Company, N.A., as Trustee for Chase Mortgage Finance Multi-Class Mortgage Pass-Through Certificates Series 2006-S2, filed a mortgage foreclosure complaint against the Ceperos in 2013. A verified return of service indicated that Raul was personally served on March 7, 2013, at an address that he had requested, but which was not his residence. Substituted service was made on his wife, Leslie, at the same time and address as Raul, as she was not at the address requested for service.

The Ceperos filed a motion for extension of time to respond to the complaint in April 2013, along with discovery requests and interrogatories for the Bank. They moved to dismiss the complaint in May 2013, but did not raise insufficiency of service of process. The Bank did not call up their motion to dismiss for hearing. Instead, litigation proceeded during the next year, with the Bank answering the discovery requests and moving for a default, which was denied, as well as propounding requests for admissions.

The Bank moved for summary judgment in December 2014, which was noticed to be heard January 23, 2015. On January 14, 2015, Raul filed an affidavit in opposition to summary judgment wherein he asserted lack of notice of any default and that the amounts claimed due by the Bank were incorrect. Then, on the day of the hearing on the Bank's motion for summary judgment, the Ceperos filed an amended motion to dismiss, a motion to quash service, and two affidavits in support of the motion to quash. This was the first time they raised insufficiency of service of process.

In their motion to quash, the Ceperos claimed they had not been properly served because "[t]he person who attempted to deliver the subject papers failed to inform both Defendants of the contents of the documents delivered, which is contrary to *Florida Statute* § 48.031(1)(a) . . . ." They also challenged the attempted substitute service on Leslie because it was at a location that was not her usual place of abode and which she had not requested. They argued that this was not in compliance with section 48.031(2), Florida Statutes (2013). They also claimed the process server was not a disinterested person, as counsel for plaintiff has an ownership interest in the company which attempted to effectuate service of process.[2]

---

[2] Appellants offered no evidence of this claim at the evidentiary hearing. Thus, there is no support for it in this record and it must be rejected.

The trial court conducted an evidentiary hearing on the motion to quash, at which Raul testified that the process server gave him the complaint at the address of his former employer in Boca Raton, without informing him of its contents, and also served on him the complaint for Leslie. Leslie testified that she had not authorized her husband to accept service for her at this location. The trial court denied the motion to quash, concluding that the Ceperos' failure to raise the jurisdictional issue in their May 2013 motion to dismiss constituted a waiver of that defense. From this order, the Ceperos appeal.

The denial of a motion to quash service of process is subject to de novo review insofar as it is based on a question of law. *Snider v. Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) (ruling that whether a defendant waived the defense of lack of personal jurisdiction is a question of law, reviewed de novo). The Ceperos argue that their May 2013 motion to dismiss did not waive personal jurisdiction because they amended it before it was heard by the court and they had not sought affirmative relief before that point.

Florida Rule of Civil Procedure 1.140(b) provides that certain defenses, including insufficiency of service of process, may be asserted by motion. However, a motion asserting these defenses must be made before the filing of any pleading. *Id.* Except for subject matter jurisdiction, which may be raised at any time, "[a]ny ground not stated shall be deemed to be waived." *Id.* Nevertheless, case law has carved out an exception to this statement. Where the initial motion to dismiss does not include a claim of lack of jurisdiction or insufficiency of service of process, those claims are not waived if, prior to a ruling on the initial motion, the defendant amends the motion to assert the issue. *See Re-Emp't Serv. Ltd. v. Nat'l Acquisitions Co.*, 969 So. 2d 467, 470 (Fla. 5th DCA 2007); *Waxoyl, A.G. v. Taylor, Brion, Buker & Greene*, 711 So. 2d 1251, 1254 (Fla. 3d DCA 1998); *Astra v. Colt Indus. Operating Corp.*, 452 So. 2d 1031, 1032 (Fla. 4th DCA 1984). Even this statement, however, is subject to exceptions. Because the assertion of jurisdiction is a personal right of a defendant, "a defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction." *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998).

We have held that mere requests for discovery do not constitute a request for affirmative relief. *See Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013). Nor is a motion for extension of time to file an answer a request for affirmative relief. *Byers v. FIA Card Servs., N.A.*, 82 So. 3d 1166, 1168 (Fla. 4th DCA 2012). In this case, the Ceperos did not request any affirmative relief and thus did not waive their claim to

3

insufficiency of service of process. They asserted their claim of insufficiency prior to the court ruling on their motion to dismiss. They were never called on to answer the Bank's complaint. Therefore, contrary to the trial court's ruling, the Ceperos did not waive their claim by failing to include it in the original motion to dismiss or in any of the actions they took during this proceeding.

The Bank could have, and should have, obtained a ruling on the motion to dismiss when it was first filed, which would have prevented this last-minute assertion of a jurisdictional defense. Failing to secure a ruling and require an answer to the complaint not only hazards this type of challenge to the initial service of process, it also makes obtaining a summary judgment significantly harder — without an answer, the plaintiff would have to negate any possible affirmative defenses which *might* be presented in an answer. *Greene v. Lifestyle Builders of Orlando, Inc.*, 985 So. 2d 588, 598 (Fla. 5th DCA 2008).

On the merits of the claim, however, we reverse only as to Leslie. The motion alleged that service was improper under section 48.031(2)(a), Florida Statutes (2013), because Leslie never gave consent for Raul to accept service of process for her at a place other than her usual place of abode. Leslie testified that she did not authorize Raul to accept service, and the Bank offered nothing to contradict this. Therefore, the court erred in failing to quash service of process on her.

But as to Raul, we conclude that service was proper. Raul argued that pursuant to section 48.031(1)(a), Florida Statutes (2013), service on him was improper because the process server failed to inform him of the contents of the complaint. We have, however, rejected this interpretation of the statute and concluded that the process server's obligation to inform the person served extends only to substituted service. *See Davidian v. J.P. Morgan Chase Bank*, 178 So. 3d 45, 49 (Fla. 4th DCA 2015); *Vidal v. SunTrust Bank*, 41 So. 3d 401, 403 (Fla. 4th DCA 2010) (noting that when a defendant is not personally served, "the statute requires that the process server orally inform the person who receives service of the contents of the complaint"). Therefore, Raul was properly served, and we affirm the denial of the motion to quash service of process as to him, albeit for a reason other than that announced by the trial court.

*Affirmed in part; reversed in part; and remanded for further proceedings.*

CIKLIN, C.J., and GROSS, J., concur.

\* \* \*

4

*Not final until disposition of timely filed motion for rehearing.*