DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN ROMANOFF,**
Appellant,

v.

**JOY LAZARUS,**
Appellee.

No. 4D18-2161

[ March 27, 2019 ]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502016CP003787XXXNB.

Shlomo Y. Hecht of Shlomo Y. Hecht, P.A., Miramar, for appellant.

Robert A. Wight of Downey McElroy, P.A., Palm Beach Gardens, for appellee.

PER CURIAM.

Susan Romanoff appeals a non-final order denying her motion to dismiss a personal representative's ("PR") Amended Petition to Recover Estate Assets in an underlying probate action. She argues the trial court erred in denying her motion because she did not waive her right to assert a personal jurisdiction challenge. She acknowledges that she did not raise the defense in her initial motion to dismiss, but she filed a second motion to dismiss wherein she raised the defense prior to a trial court ruling on the jurisdictional issue. We reverse and conclude that she did not waive her right to assert a personal jurisdiction defense.

The procedural posture of this case is as follows. In July 2017, the PR filed a petition to recover assets against Romanoff. On October 26, 2017, Romanoff moved to dismiss the petition, challenging multiple pleading deficiencies. She did not raise a personal jurisdiction challenge. The PR moved to amend the petition.

Romanoff then filed a motion to stay discovery and an amended motion to include a stay based on a personal jurisdiction challenge. The court

held a hearing to decide: (1) The PR's motion for leave to file its amended petition; and (2) Romanoff's motion to stay discovery. The court granted the PR's motion for leave to file its amended petition and granted Romanoff's motion to stay discovery pending the motion to dismiss.

On December 6, 2017, Romanoff filed a second motion to dismiss that challenged personal jurisdiction. In support, she filed an affidavit stating she is a New Jersey resident with insufficient Florida contacts.

The PR filed a response, arguing that Romanoff waived the right to assert a personal jurisdiction defense because it was not raised in her initial motion to dismiss. The court held a non-evidentiary hearing on the motion to dismiss. At the hearing, the court clarified that it had not ruled on the personal jurisdiction issue at the last hearing but had deferred ruling until Romanoff's motion to dismiss was heard.

Following arguments of counsel regarding personal jurisdiction, the trial court denied the motion to dismiss by written order. From this order, Romanoff appeals.

"Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction." *Snider v. Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) (citations omitted); *see also* Fla. R. Civ. P. 1.140(b) and (h).

A waiver does not occur "if the initial motion to dismiss is amended to include the defense before the motion is heard." *Snider*, 157 So. 3d at 424 (citations omitted).

"Whether a defendant has waived the defense of lack of personal jurisdiction is a pure question of law, which we review de novo." *Id.* (citation omitted).

In *Snider*, we affirmed a trial court's order granting a motion to dismiss based on lack of personal jurisdiction where the appellee filed an initial motion to dismiss based on other grounds but, before obtaining a ruling, filed a motion to dismiss based on lack of personal jurisdiction two years later. *Id.* at 425; *see also Astra v. Colt Indus. Operating Corp.*, 452 So. 2d 1031, 1032-33 (Fla. 4th DCA 1984) (reversing the trial court's order denying a motion to dismiss where defendant filed a motion to dismiss attacking the claim on the merits, but then five months later filed an amended motion to assert personal jurisdiction before the initial motion was heard); *Cepero v. Bank of N.Y. Mellon Tr. Co., N.A.*, 189 So. 3d 204,

2

206 (Fla. 4th DCA 2016) (explaining that if an initial motion to dismiss does not include a claim of lack of jurisdiction, the claim is not waived if the defendant amends the motion to assert the defense prior to a ruling on the initial motion).

Here, the PR contends that at the time Romanoff filed her original motion to dismiss, "the defense of lack of personal jurisdiction existed and was available for Romanoff to assert." The PR maintains that *Romellotti v. Hanover Amgro Insurance Co.*, 652 So. 2d 414 (Fla. 5th DCA 1995), is controlling because of the "identical procedural posture" here.

In *Romellotti*, the appellant filed a complaint for a declaratory judgment seeking personal injury protection benefits against an insurance company. *Id.* at 414. The insurance company filed an answer, and the appellant filed an amended complaint. *Id.* The insurance company then filed a motion to dismiss for lack of personal jurisdiction. *Id.* The appellant responded to the motion by arguing that the insurance company had waived the defense of personal jurisdiction due to its failure to raise the defense "in its initial responsive pleading or in a motion directed at his initial complaint." *Id.*

The Fifth District reversed the trial court's order granting the motion to dismiss based on lack of personal jurisdiction. *Id.* The court determined that the insurance company should have asserted the defense in its answer to the appellant's initial complaint. *Id.* at 415.

We do not find the procedural posture in *Romellotti* identical to the posture here, because Romanoff did not file an answer at any point in the litigation. Romanoff did file a motion to stay discovery prior to filing her second motion to dismiss; however, a request for stay is defensive and does not constitute a waiver of a lack of jurisdiction defense. *See Faller v. Faller*, 51 So. 3d 1235, 1237 (Fla. 2d DCA 2011).

Based on *Snider, Astra,* and *Cepero,* we find that Romanoff did not waive the defense of lack of personal jurisdiction, because she raised it in the second motion to dismiss filed less than two months after her first motion. More important, the second motion was filed before the trial court ruled on the issue. We therefore reverse and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

GROSS, TAYLOR and CIKLIN, JJ., concur.

3

*      *      *

*Not final until disposition of timely filed motion for rehearing.*