# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1829
Lower Tribunal No. 22-23716
_____

**Lumech, Inc., etc., et al.,**
Appellants,

vs.

**Union Venture Trading S.A., etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Giasi Law, P.A., Erin M. Berger, and Melissa A. Giasi (Tampa), for appellants.

ALGO Law Firm, LLP, and Ignacio M. Alvarez, for appellee.

Before LINDSEY, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. See Allstate Mortg. Sols. Transfer, Inc. v. Bank of Am., N.A., 338 So. 3d 985, 988 (Fla. 3d DCA 2022) ("Florida law is well[-]settled that a defendant wishing to challenge personal jurisdiction must do so in the first step the defendant takes in the case, or this defense will be deemed waived, and the court will be deemed to have acquired jurisdiction over the defendant."); see also Consol. Aluminum Corp. v. Weinroth, 422 So. 2d 330, 331 (Fla. 5th DCA 1982) ("A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case, whether by motion or in a responsive pleading, or that issue is waived and [the] defendant has submitted himself to the court's jurisdiction.") (first citing Fla. R. Civ. P. 1.140(b), 1.140(h); then citing Miller v. Marriner, 403 So. 2d 472, 475 (Fla. 5th DCA 1981)); Snider v. Metcalfe, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction."); Century-Nat'l Ins. Co. v. Frantz, 320 So. 3d 929, 931 (Fla. 2d DCA 2021) (finding defendant failed to timely object to personal jurisdiction by not disputing trial court's exercise of jurisdiction over him or otherwise seeking to quash service of process in initial motion).