# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2472
LT Case No. 2019-CA-805

_____

STEPHANIE PASSAFUME,

    Appellant,

    v.

SHIFA HEALTHCARE HOLDINGS,
LLC, JOHN BATISTA, M.D.,
INDIVIDUALLY, JOHN BATISTA
M.D., P.A., PHOENIX AMERICAN
MEDICAL, LLC, and KELLIE
DEGROAT,

    Appellees.

_____

On appeal from the Circuit Court for Hernando County.
Donald E. Scaglione, Judge.

Scott L. Terry, Christopher D. Gray, Florin Gray, and Wolfgang
M. Florin, of Florin, Gray, Bouzas, Owens, LLC, Lutz, for
Appellant.

Scott A. Frick, of Frick Law Group, P.A., Tampa, for Appellee,
Shifa Healthcare Holdings, LLC, Et Al.

No Appearance for Other Appellees.

August 23, 2024

WALLIS, J.

Stephanie Passafume (Appellant) appeals a nonfinal order dismissing her Second Amended Complaint for insufficient service of process, and a subsequent order denying her motion for reconsideration. Appellant acknowledges that she failed to re-serve process on Shifa Healthcare Holdings, LLC (Appellee) upon filing new claims against Appellee after having voluntarily dismissed Appellee from her original suit. However, she correctly asserts that Appellee waived its defense of insufficient service of process by filing a motion for summary judgment before raising that defense as required by Florida Rule of Civil Procedure 1.140(b). Accordingly, we reverse.

In July 2019, Appellant was one of two plaintiffs who filed a complaint against five parties, including Appellee. Appellant successfully served Appellee with the complaint through its registered agent. Two months later, the plaintiffs filed a notice of voluntary dismissal without prejudice as to Appellee.

After litigation between the plaintiffs and other defendants resulted in the dismissal of the complaint and amended complaint, and severance of the plaintiffs and defendants, Appellant timely filed the Second Amended Complaint, which included three counts against Appellee. Appellant did not re-serve process on Appellee.

In response, Appellee simultaneously filed a Motion for Summary Final Judgment, or Alternatively, Verified Motion to Strike Plaintiff's Complaint as a Sham and Incorporated Memorandum of Law, and a Motion for Enlargement of Time. The motions for summary judgment and to strike were directed at the merits of the complaint allegations. The motion for enlargement of time sought additional time to file a motion to dismiss under rule 1.140. Appellee later filed an Amended Motion for Summary Judgment, which sought a judgment on the merits of the case.

Subsequently, the trial court granted Appellee's motion for enlargement of time, giving Appellee ten days to file a response to the Second Amended Complaint. Appellee filed a Motion to Dismiss Second Amended Complaint, or Alternatively, Verified Motion to Strike Plaintiff's Complaint as a Sham and Incorporated Memorandum of Law. In this filing, Appellee for the first time sought dismissal for insufficient service of process. Appellant

2

responded to the motion to dismiss by arguing that Appellee had waived any objection to a defect in service of process by filing the subject motion for summary judgment.

The trial court granted the motion to dismiss, finding that Appellant "voluntarily dismissed [Appellee] and then renamed [Appellee] as a defendant in the Second Amended Complaint without obtaining service of process on [Appellee]." The court did not address Appellant's waiver argument. Accordingly, the court dismissed the Second Amended Complaint as to Appellee for lack of personal jurisdiction and gave Appellant twenty days to file a Third Amended Complaint comporting with substantive law and rules of procedure.

Appellant filed a motion for reconsideration, arguing, for the first time, that in a footnote in its summary judgment motion, Appellee had expressly waived its defense to insufficient service of process by its "voluntary appearance through the filing of this motion." Appellant noted that Appellee had repeated that express waiver in its amended summary judgment motion. Finally, Appellant reiterated that Appellee had waived any defense to insufficient service of process by appearing in the actions and filing a motion on the merits. The trial court denied the motion for reconsideration without elaboration.

On appeal, Appellant argues, as she did below, that Appellee waived any challenge to insufficient service of process by failing to raise such challenge at its first opportunity and instead filing a motion for summary judgment directed to the merits of the case. The applicable law regarding waiver of service of process is succinctly explained in *Allstate Mortgage Solutions Transfer, Inc. v. Bank of America, N.A.*, 338 So. 3d 985, 987–88 (Fla. 3d DCA 2022), as follows:

> A court's jurisdiction over a defendant is ordinarily established by service of process on the defendant. Florida courts, however, have long recognized that jurisdiction over a defendant may be acquired by the defendant's voluntary appearance in the case and submission to the court's jurisdiction, which, in turn, cures any defects in service of process.

3

> A defendant may voluntarily appear in the case and submit to the court's jurisdiction in any number of ways, ranging from failure to timely object to personal jurisdiction, to submission implied from conduct, to express consent to the prosecution of a case before the court.
>
> Florida law is well settled that a defendant wishing to challenge personal jurisdiction must do so in the first step the defendant takes in the case, or this defense will be deemed waived, and the court will be deemed to have acquired jurisdiction over the defendant.

(internal citations omitted); *see also Century-Nat'l Ins. Co. v. Frantz*, 320 So. 3d 929, 930 (Fla. 2d DCA 2021) ("A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case, whether by motion or in a responsive pleading, or that issue is waived and [the] defendant has submitted himself to the court's jurisdiction." (quoting *Consol. Aluminum Corp. v. Weinroth*, 422 So. 2d 330, 331 (Fla. 5th DCA 1982))); *Snider v. Metcalfe*, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction.").[1]

Accordingly we reverse the trial court's dismissal order and remand this case for further proceedings.

REVERSED and REMANDED.

MAKAR and HARRIS, JJ., concur.

---

[1] Appellant also correctly asserts on appeal that Appellee expressly waived any defense to insufficient service of process but we do not rest our decision on that ground because it was not timely raised below.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____