DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANNY'S FUEL CORP.,**
Appellant,

v.

**BRINKS U.S.,** a division of **BRINKS INCORPORATED,**
Appellee.

No. 4D2024-1435

[October 16, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen Mary McHugh, Judge; L.T. Case No. COCE23-078965.

Annabel C. Majewski of Wasson & Associates, Chartered, Miami, for appellant.

No appearance for appellee.

GROSS, J.

Danny's Fuel Corp. appeals an order denying its motion to vacate a default judgment. We reverse and remand for an evidentiary hearing on whether the appellee plaintiff obtained service of process on an "employee" or "representative" of a registered agent within the meaning of subsections 48.091(3) and (4), Florida Statutes (2023).

On October 6, 2023, appellee Brinks U.S. filed a one-count breach of contract complaint against Danny's Fuel Corp. d/b/a Rocket Fuel, a Florida corporation.

Brinks attempted to serve the summons and complaint on Danny's registered agent, Hendry D. Izquierdo, at 4221 NW 66th Ave, Davie, FL, 33024.

In her verified return of service, the process server attested that she "served a CORPORATION by delivering a true copy of the Summons and Complaint, Exhibit A, B with the date and hour of service endorsed thereon by me, to: **CAMERON KAMERON as Designated Agent for the**

**Registered Agent** at the address of: 4221 NW 66th Ave, Davie, FL 33024 on behalf of Danny's Fuel, Corp. O/B/A Rocket Fuel, Hendry D Izquierdo As Its Registered Agent, and informed said person of the contents therein, in compliance with State Statute." (Emphasis supplied).

After Danny's failed to respond to the complaint, Brinks obtained a clerk's default, and a default final judgment was entered on January 19, 2024.

On February 28, 2024, Danny's filed a *verified* motion for relief from the default judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1) and (4). In part, Danny's argued that the default judgment should be vacated and set aside for improper service of process, as Kameron was never a designated agent or employee of the registered agent, Hendry D. Izquierdo.

The motion further alleged that (1) Danny's and its registered agent were unaware of the lawsuit because Kameron never provided the agent or Danny's with any suit papers, (2) Danny's first learned of the final judgment when its banker informed it of a lien, and (3) Danny's moved for relief from judgment the day after becoming aware of the judgment.

The trial court denied Danny's motion for relief from judgment without holding an evidentiary hearing.

### Discussion

"Absent strict compliance" with "[s]tatutes governing service of process" "and valid service on a corporation," "the court lacks personal jurisdiction over the corporation." *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. 4th DCA 2010) (citing *York Commc'ns, Inc. v. Furst Grp., Inc.*, 724 So. 2d 678, 679 (Fla. 4th DCA 1999)).

A litigant invoking the court's jurisdiction carries the burden of proving proper service of process, and "the return of service is evidence of whether service was validly made." *Re-Emp. Servs, Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007). "If the return of service is shown to be regular on its face, the court can presume that service was valid and that it has lawfully obtained personal jurisdiction over the party served, unless that party proves by clear and convincing evidence that service was not valid." *Rodriguez v. HSBC Bank USA, N.A. as Tr. for Deutsche Alt-A Sec. Inc., Mortg. Pass Through Certificates Series 2006-AR2*, 352 So. 3d 8, 13 (Fla. 4th DCA 2022).

2

Section 48.21, Florida Statutes (2023), provides that a return of service is valid if, among other requirements, it states "the date and time when it is served, the manner of service, the name of the person on whom it was served," and "the position occupied by the person" who was served, if they were "served in a representative capacity." § 48.21, Fla. Stat. (2023).

Effective January 2, 2023, the Florida legislature revised the law governing service of process, updating sections 48.081 and 48.091, Florida Statutes, which are relevant to this appeal. *See* ch. 2022–190, §§ 5–6, Laws of Fla.

Section 48.081 provides that "[a] domestic corporation or registered foreign corporation **may be served with process** required or authorized by law **by service on its registered agent** designated by the corporation under chapter 607 or chapter 617, as applicable." § 48.081, Fla. Stat. (2023) (emphasis supplied).

Section 48.091 requires that a corporation must keep a "designated registered office open from at least 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays," and a designated registered agent is required "to keep one or more individuals who are, or are representatives of, the designated registered agent on whom process may be served at the office during these hours."[1] § 48.091(3), Fla. Stat. (2023). Furthermore,

> [a] person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person.

§ 48.091(4), Fla. Stat. (2023).

---

[1] We note that a Florida corporation may be subject to an administrative fine for failing to comply with the requirement of maintaining a registered office and a registered agent. § 607.0505(1)(b), Fla. Stat. (2023). The Department of Legal Affairs may initiate an action to obtain judgment for the amount owed under this section. *Id.* Additionally, the Department of State may administratively dissolve a corporation if the corporation fails to appoint and maintain a registered agent and registered office. *See* § 607.1420(1)(c), Fla. Stat. (2023); *see also Polk Cnty. Rand Invs., Inc. v. State Dep't of Legal Affs.*, 666 So. 2d 279, 279 (Fla. 2d DCA 1996) (noting that the defendant corporation was administratively dissolved by the Florida Department of State because it failed to maintain a registered office and a registered agent as required by law).

If, after one good faith attempt, service of process on the registered agent fails, a person attempting to serve process may serve "[t]he chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation." § 48.081(3)(a), Fla. Stat. (2023).[2]

The staff analysis of senate bill 1062 describes the procedure contemplated under the amended section 48.081:

> The bill requires that the first attempt at service of process be delivery to the registered agent. If service on the registered agent fails, service may be by delivery to the chair of the board of directors, the president, any vice president, the secretary, the treasurer, or any other person listed on the most recent corporate filing with the Secretary of State. If service on these fail, service may be by substituted service on the Secretary of State or by any other method approved by court order.

Fla. S. Comm. on Rules, CS/CS/SB 1062 (2022) Staff Analysis 5 (Jan. 8, 2022).

Here, the return of service was regular on its face, so it was presumptively valid. However, "where the contents of an affidavit supporting a defendant's contention of insufficiency of service would, if true, invalidate the purported service and nullify the court's personal jurisdiction over the defendant, the trial court should hold an evidentiary hearing before deciding the issue." *Se. Termite & Pest v. Ones*, 792 So. 2d 1266, 1268 (Fla. 4th DCA 2001).

For example, in *Empire Beauty Salon v. Commercial Loan Solutions IV, LLC*, 159 So. 3d 136, 139–40 (Fla. 5th DCA 2014), the Fifth District held

---

[2] Section 48.081(3), Florida Statutes (2023) provides:

> (3) If service cannot be made on a registered agent of the domestic corporation . . . , the process may be served on either of the following:

> (a) The chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation.

> (b) Any person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report, as most recently amended.

that even if it were to construe a return of service as being valid on its face, the trial court erred in failing to hold an evidentiary hearing to resolve the issue regarding whether the individual upon whom process was served "was an employee of [the corporation defendant], as the affidavit in support of the motion to quash states otherwise."

In this case, Danny's verified allegations contended that Kameron was neither a representative nor an employee of the registered agent. If established, those allegations would demonstrate that service of process did not comply with the applicable statutes. Therefore, the trial court should have held an evidentiary hearing before ruling on the motion for relief from the default final judgment. *See Ones*, 792 So. 2d at 1268.

*Reversed and remanded for further proceedings consistent with this opinion.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5